Eastern Dis.
June, 1834.

BRUNEL
vs.
MILLAUDON.

*The bill of lading is only prima facia evidence that the goods and merchandize mentioned in it was shipped in good order. Other evidence will be received to show that the articles mentioned in a bill of lading on being shipped in good order, were damaged before shipment.*

---

## BRUNEL vs. MILLAUDON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

When it appears there was no allegation or proof of an amicable demand before the inception of the suit, the defendant may, on asking it in his answer to the appeal be allowed his costs in both courts.

This is a personal action against the defendant to recover five thousand seven hundred and fifty dollars, the balance alleged to be due on the sale of a lot of sugar.

The plaintiff alleges she sold and delivered to the defendant in 1829, two hundred and forty-eight hogsheads of sugar, weighing three hundred and forty-two thousand two hundred and ninety pounds, at six and a half cents per pound, the then current price, amounting to twenty-two thousand two hundred and forty-eight dollars and eighty-five cents, on which she has received in cash, advances, merchandise, credits, &c., only sixteen thousand four hundred and ninety-eight dollars and seventy cents, leaving a balance of five thousand seven hundred and fifty dollars and fifteen cents, still due to to her, which the defendant *has refused* and *refuses* to pay; and for which she prays judgment. Millaudon denied that he owed any thing as alleged against him.

The evidence showed that the sugar in question was shipped to New-York by the defendant, at the instance, and on account of the plaintiff's agent A. L. Mayronne, and that the account of sales rendered was approved by him; and the account current rendered by defendant to Mayronne, plaintiff's agent, for supplies was also approved by him; these accounts show a balance in favor of plaintiff of sixteen dollars, for which judgment was rendered and for costs.

The plaintiff appealed.

The defendant in his answer to the appeal, prayed that the judgment be corrected in his behalf, by allowing him his costs, as no amicable demand was made by the plaintiff in the suit.

*Soulé,* for plaintiff.

*Slidell, contra:*

MARTIN, J., delivered the opinion of the court.

The petition charges that the plaintiff sold a quantity of sugar to the defendant who is indebted to her for the price. He resisted her claim on the plea of the general issue. There

was judgment for the sum of sixteen dollars, and she appealed.

The evidence shows that the sugar was shipped to New-York by the defendant at the request of A. L. Mayronne, the plaintiff's agent, to whom he communicated the account of sales, and by whom it was approved. That the defendant furnished said agent with the necessary supplies for the plantation of the plaintiff, of which said A. L. Mayronne was agent; and the amount of these supplies deducted from the net proceeds of the sale, leaves but a balance of sixteen dollars in favor of the plaintiff.

The appellee has prayed an amendment of the judgment by striking out the part which condemns him to pay costs. There is no allegation or proof of an amicable demand before the inception of the suit. The plaintiff was not therefore entitled to costs.

*When it appears there was no allegation or proof of an amicable demand before the inception of the suit, the defendant may, on asking it in his answer to the appeal be allowed his costs in both courts.*

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and that the plaintiff recover from the defendant the sum of sixteen dollars and pay costs in this court.